By the Court :
The application of a debtor in custody, under the act for the relief of insolvent, debtors, in 1822, when this bond was taken, was altogether ex parte. It was only after the petition was filed, the order made, and the bond taken, that notice was to be given of the proceedings. The object of that notice was to bring in the parties interested to contest the right of the applicant to the relief sought. The facts assumed in the first order can not, therefore, conclude anybody.
The bond is required in the first place, for the security of the plaintiff in the action, that he shall lose nothing by discharging the defendant out of custody; the security of all the debtor’s creditors is a secondary object. The applicant can not be admitted to obtain his discharge upon false ^grounds, and then protect himself upon the plea of ignorance. The power of the court to appoint a trustee,- receive his assignment, and finally discharge him, depended upon the fact that he had been two years a resident of the state. The court were not bound to investigate this allegation when it was made. But it was the right of those interested to make this investigation when they came in under the notice. Parties were then, for the first time, properly before the court, to litigate the applicant’s right to a discharge. The order made, upon that litigation, is the first adjudication between the parties, and it is the first proceeding that concludes them.
The opposition made by the plaintiffs to the appointment of a trustee, and the acceptance of the assignment, is not of that character which discharges the obligation. No act of a plaintiff pursuing and insisting upon his legal rights, can be attended with such a consequence. It is an illegal and a mala fide interference on the part of the plaintiff, that excuses the performance. Here the plaintiffs did nothing but require a legal decision upon facts presented to the court. And this they had a right to do without prejudice to any matter in the case.
*293 The applicant voluntarily undertook to do that which he knew the law did not permit. His object was to obtain a benefit for himself to the prejudice of another’s rights. For this purpose, he imposed upon the court a statement of facts that did not exist. The truth is elicited, and the applicant's purpose is defeated. This can not be a case where the performance of the undertaking may be excused.
The defendant, Philips, was a security only, and it is insisted that he shall not be prejudiced by an error or mistake of the court. But how can he separate himself from the applicant, his principal? He joined him in the undertaking, and must stand or fall with him. He volunteered his aid to procure the applicant’s discharge from custody, at the suit of the plaintiffs. If he did this upon a false statement, surely he to whom it was made, and upon whom it operated so as to produce confidence, ought to suffer, not the plaintiffs, who had no control over the subject, who ^legally were not parties, and who reposed no trust whatever. The error of the court was induced by the applicant. It operated to his advantage, and to the prejudice of the plaintiffs. The security, and not the plaintiffs, incurred the risk. The court are all of opinion that the plaintiffs are entitled to recover.
Judgment for the plaintiffs, and the cause remanded to the Supreme Court of Ross county, for an inquiry of damages.